David J. Marshall, Esq. Village Attorney, Rouses Point
You have asked whether a village may establish the position of constable and, if it may, you inquire what the training requirements are for the position. You also ask whether your local civil service commission should classify the constable position as a police patrolman.
Local governments are authorized to adopt and amend local laws not inconsistent with the provisions of the Constitution or any general laws in relation to the government, protection, order, conduct, safety, health and well-being of persons or property therein (NY Const, Art IX, §2[c][ii][10]). This is the constitutional grant of the police power to local governments (see also Municipal Home Rule Law, §10[1][ii][a][12]). Local governments are also empowered to adopt and amend local laws consistent with the Constitution and general laws in relation to their property, affairs or government and in relation to the powers, duties, qualifications, number, mode of selection and removal, terms of office, compensation, hours of work, protection, welfare and safety of its officers and employees (NY Const, Art IX, § 2[c][i] and [ii][1]; see also Municipal Home Rule Law, § 10[1][i] and [ii][a][1]). We believe that a village, utilizing this grant of home rule power, may establish one or more village constable positions. We believe that the establishment by local law of offices and employment positions relates to the government and affairs of a local government, and is consistent with the broad constitutional grant of local law authority to define the characteristics of local offices and positions (ibid.). Certainly, the establishment of village constable positions contributes to the protection of the health, safety and welfare of persons and property in the village, and therefore is also an exercise of the constitutional grant of the police power to local governments. We have found no provision of State law that would prohibit such a local law, or that is inconsistent with its provisions.
Section 2.10 of the Criminal Procedure Law is an exclusive list of those persons having the status and powers of peace officers. Among those listed are "constables or police constables of a town or village, provided such designation is not inconsistent with local law" (§ 2.10[1]).* We believe that in view of the broad grant of local law power to local governments, it is logical to conclude that this language represents a recognition by the Legislature that villages by local law may establish the position of constable.
While we have concluded that a village by local law may establish the position of constable, these officers may possess no greater status or powers than that of peace officers. Chapter 843 of the Laws of 1980 consolidated all peace officer designations in the laws of the State in section 2.10 of the Criminal Procedure Law. The designation of police officers as peace officers was not carried over into section 2.10 (formerly listed as subdivision 33[a] of section 1.20 of the Criminal Procedure Law). Instead, the terms peace officer and police officer are established as distinct and mutually exclusive categories. The intent was to clarify the different powers possessed by each group. In referring to former subdivision 33(a) of section 1.20, the memorandum in support of Assembly 11557, which became chapter 843, stated:
 "This is another source of ambiguity and confusion. Peace officers and police officers possess different law enforcement powers of arrest, search, etc. In fact, the term `police officer' was intended to denote officials with primary and general law enforcement obligations, while the term `peace officer' was to refer to persons with more specialized law enforcement responsibilities confined to a specific locale or criminal activity (R. Denzer, CPL 1.20, Practice Commentary, pp. 23, 24, McKinney [1971]). The fact that `police officers' are also `peace officers' has caused this fundamental distinction to become blurred."
Chapter 843 makes conforming amendments throughout the laws of the State to distinguish the powers of peace officers and police officers (see for example amendment to Criminal Procedure Law, § 140.25). We believe that there exists no authority by local law (subject to that noted in the footnote) to amend or supersede the provisions of State law prescribing the powers of peace officers and police officers. Your local civil service commission should classify the constable positions consistent with their status and powers as peace officers, not police officers.
Section 2.30 of the Criminal Procedure Law requires that all persons appointed as peace officers after September 1, 1980 receive from their employers the training course certified by the Municipal Police Training Council. The course consists of a standard portion for all peace officers as prescribed by the Municipal Police Training Council and a portion developed by the peace officer's employer that is tailored to the special duties of the particular peace officer. There are different training requirements for full-time and part-time officers. Peace officers who normally work on a part-time basis for less than the full complement of hours that would constitute full-time employment for their position may be given in-service training subject to approval by the Municipal Police Training Council in the Division of Criminal Justice Services (id., § 2.30[4]).
We conclude that a village by local law may establish the position of constable. Village constables have the status and powers of peace officers. Peace officers must be trained in accordance with the provisions of section 2.30 of the Criminal Procedure Law.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.
* We believe that this proviso permits a town or village by local law to grant something less than the full powers of peace officers to its constables.